**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JOHN MIKULOVSKY,

      Petitioner,

      v.                                                                                            Case No. 10-C-1117

WILLIAM POLLARD,
Warden, Green Bay
Correctional Institution,

      Respondent.

# ORDER

The pro se petitioner, John Mikulovsky, a Wisconsin state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner also seeks leave to proceed in forma pauperis. According to the petition, the petitioner was convicted on December 3, 1971, on two counts of being a party to the crimes of first degree murder. The petitioner is serving two life sentences, which are to run concurrently.

The court notes that the petitioner has named the United States Attorney General as the respondent. However, the United States Attorney General is not the proper respondent in this case. Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 provides that if an applicant "is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent." William Pollard, warden of Green Bay Correctional Institution where the petitioner is currently incarcerated, is the State

of Wisconsin officer who has custody of the petitioner. Accordingly, William Pollard has been substituted as respondent in this action.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The petitioner's application to proceed in forma pauperis and his prisoner trust account statement show that he has $4.09 in his regular account and $515.33 in his release account. He does not have other checking or savings accounts or own any property. Thus, the petitioner meets the first of the two determinations necessary to allow him to proceed in forma pauperis.

As to the second requirement, an action is frivolous if it has no arguable basis in law or fact or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke, 490 U.S. at 325. The court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

Although the petition provides ample space for the petitioner to set forth each ground on which he claims he is being held unlawfully, the petitioner has elected not to use that space.

Instead of setting forth his grounds for habeas relief, the petitioner merely references information he provided in response to a question regarding the grounds he raised on appeal[1]. This question regarding the appeal provides only two lines for writing the answer. As a result, the petitioner's reasons are almost entirely illegible and basically unintelligible. This court can gather only that it has something to do with two cases, the KKK (presumably the Ku Klux Klan), terrorists, a juror, and the FBI (presumably the Federal Bureau of Investigations). Thus, this court is unable to determine whether the petition is frivolous or malicious at this time. This court also is unable to conduct a preliminary analysis of the petition as required by Rule 4, Rules Governing Habeas Corpus Cases.

Accordingly, this court will provide the petitioner until February 2, 2011, to submit a new petition setting forth his grounds for believing he is unlawfully held in state custody (copy enclosed). If the petitioner fails to provide a new petition for a writ of habeas corpus by that date, this court will dismiss the matter.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner must file a new petition for a writ of habeas corpus by no later than **February 2, 2011**. The new petition must set forth the petitioner's grounds for asserting that he is being held unlawfully.

Dated at Milwaukee, Wisconsin this 28th day of December, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

---

[1]Although the petitioner states that he appealed his conviction to the Wisconsin Supreme Court in 2010, this court can find no record of such an appeal. Thus, this court cannot review the grounds raised on appeal.